UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


MARIA JOSE BARROSO
RODRIGUEZ,

    Petitioner,

v.          Case No. 3:26-cv-989-MMH-SJH

WARDEN, FLAGLER COUNTY JAIL,
et al.,

    Respondents.
_____

## **ORDER**

Petitioner Maria Jose Barroso Rodriguez, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus (Doc. 1; Petition). According to Rodriguez, she is a citizen of Venezuela who entered the United States on May 21, 2021. Id. at 2. The Department of Homeland Security then released her on her own recognizance. Id. On January 24, 2026, officers of the Polk County Sherriff's Office arrested her "while walking alongside the roadway after the vehicle in which she was riding broke down." Id. Rodriguez subsequently pled guilty to resisting a lawful order without violence, and following the completion of her sentence, United States Immigration and Customs Enforcement assumed custody of Rodriguez. Id. at 2–3. Rodriguez

raises various challenges to her immigration detention and seeks, <u>inter</u> <u>alia</u>, either immediate release or an individualized bond hearing. <u>See</u> <u>id.</u> at 16–22.

Respondents filed a Response to Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 8; Response) asserting that they are now detaining Rodriguez under 8 U.S.C. § 1226(a), and conceding that to the extent she seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in <u>Hernandez Alvarez v. Warden, Federal Detention Center Miami</u>, 175 F.4th 1258 (11th Cir. May 6, 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Rodriguez filed a counseled Reply (Doc. 9; Reply), in which she asks the Court to direct that she be released. <u>Id.</u> at 8–9.

When Rodriguez was detained in January 2026, she was not seeking entry at the border; therefore, as Respondents now concede she is not subject to § 1225 and instead is detained under § 1226. <u>See</u> <u>id.</u> at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1.     Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to her claim that her detention without an individualized bond

hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Rodriguez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her. If Respondents release Rodriguez, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2.    The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/9
c:
Counsel of Record

---

[1] Because the Court finds that Rodriguez is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3